JohNson J.
In addition to the facts reported, it is agreed that the defendants had pleaded the general issue only; so that the grouuds of the present motion are resolved into the following propositions.
1st. Admitting the assignment by the sheriff to ha irregular, can the defendant take'advantage of it under the plea of non esi factum.
2nd. Does the circumstance, that the date of the bond was not filled up, until after it was signed by Mrs. Gamble,' affect its validity?
1st. The statute of 4th Jinn. c. 16, made offeree in this state, (Pub. L. 96,) requires that the sheriff shail, at the request of the plaintiff, assign to him the bail bond, by “ en • dorsing the same, and attesting it under his hand and seal, in the presence of two or more credible witnesses, &c.” and authorizes the plaintiff to bring an action in his own name oil such bond so assigned. The assignment made on the bond in this case was not under the seal of the sheriff, and was made in the presence ,of one witness only; consequently it is irregular; and it may well be doubted, whether the plaintiff was entitled to bring an action upon it. But the defendant has waved any advantage which he might have had by his plea. The general issue only puts the factum of the bond in issue, and it was all that the plaintiff was required to prove. The case of Smith vs. Whitehead, (cited, 1 Selwyn, N.P.610,) is directly in point. It is, indeed, a precisely similar case, and is conclusive on this question.
2nd. Whatever influence the want of a date to the bond might have had as to the defendants co-obligors, he can derive no benefit from it. The act of filling up the blank was cotemporaneous with his signing it, and, as to him, it is the true date. But it is hot true in point of law, that a date was indispensable. A bond, like any other deed, can take effect only from its delivery. Hence it is admissible to prove by pa$ol, that it was delivered on a different day from that on *276 which it is dated; and, for the same reason,, it would hind from the delivery, although it was without date.
J. B. Miller and May rant for the motion.
• Wm. F. D,^aus&ure.
Motion granted.